1  R. Wardell Loveland, Esq. – SBN 127736
   RLoveland@chdlawyers.com
2  Min K. Kang, Esq. – SBN 246904
   MKang@chdlawyers.com
3  CODDINGTON, HICKS & DANFORTH, APC
   555 Twin Dolphin Drive, Suite 300
4  Redwood City, CA  94065-2133
   Tel.:  650.592.5400
5  Fax:  650.592.5027
   Attorneys for Plaintiff
6  TOPA INSURANCE CO.

7  MICHELLE R. BERNARD  (SBN:  144582)
   mbernard@grsm.com
8  DAVID T. HAYEK  (SBN:  144116)
   dhayek@grsm.com
9  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
10 San Diego, CA  92101
   Telephone:  619.230.7769
11 Facsimile:  619.696.7124
   Attorneys for Defendant
12 NATIONWIDE MUTUAL INSURANCE COMPANY

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17 TOPA INSURANCE COMPANY,        )  CASE NO.  2:22-cv-00767-FWS (ARGx)
                                  )
18              Plaintiff,        )  Judge: Fred W. Slaughter
                                  )  Magistrate Judge: Alicia G. Rosenberg
19     vs.                        )
                                  )  [PROPOSED] ORDER GRANTING
20 NATIONWIDE MUTUAL              )  STIPULATION FOR PROTECTIVE
   INSURANCE COMPANY, and         )  ORDER
21 DOES 1 through 20,             )
                                  )
22              Defendants.       )
                                  )
23                                )
                                  )
24 _____ )

25

26 / / /

27 / / /

28 / / /

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    For good cause shown, it is hereby ordered that the parties' Stipulation for

2    Protective Order is granted.

3

4    Dated:  April 18, 2023

5
                                    *Alicia G. Rosenberg*
6                                    Hon. Alicia G. Rosenberg
                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

-2-
ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER
Case No. 2:22-cv-00767-FWS (ARGx)

R. Wardell Loveland, Esq. – SBN 127736
RLoveland@chdlawyers.com
Min K. Kang, Esq. – SBN 246904
MKang@chdlawyers.com
CODDINGTON, HICKS & DANFORTH, APC
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Tel.:  650.592.5400
Fax:  650.592.5027
Attorneys for Plaintiff
TOPA INSURANCE CO.

MICHELLE R. BERNARD  (SBN:  144582)
mbernard@grsm.com
DAVID T. HAYEK  (SBN:  144116)
dhayek@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101
Telephone:  (619) 230-7769
Facsimile:  (619) 696-7124
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOPA INSURANCE COMPANY, | CASE NO.  2:22-cv-00767-FWS (ARGx) |
| Plaintiff, | Judge: Fred W. Slaughter<br>Magistrate Judge: Alicia G. Rosenberg |
| vs. | STIPULATION FOR PROTECTIVE ORDER |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 through 20, | |
| Defendants. | Date:  February 3, 2022 |

/ / /

/ / /

/ / /

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1. **INTRODUCTION**

   A. **PURPOSES AND LIMITATIONS**

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures to be followed and the applicable standards applied when a party seeks permission from the court to file material under seal.

   B. **GOOD CAUSE STATEMENT**

   This action is likely to involve private, confidential, trade secret, proprietary, competitive business and other valuable research, development, commercial, financial or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information; information regarding confidential business practices; other confidential research, development, or commercial information (including information implicating privacy rights of third parties); and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

-2-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and nothing will be so designated without a good faith belief it has been maintained in a confidential, non-public manner and there is good cause why it should not be part of the public record of this case.

**2.**      **DEFINITIONS**

2.1      Action: *Topa Insurance Company v. Nationwide Mutual Insurance Company*, *et al.*, United States District Court, Central District of California Case No. 2:22-cv-00767-FWS (ARGx).

2.2      Challenging Party: A Party or Non-Party challenging the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff)

2.5      Designating Party: A Party or Non-Party designating information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this matter.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

2.7     <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, whether designated or not.

2.8     <u>House Counsel</u>: Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    <u>Party or Parties</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-4-

**3.**   __SCOPE__

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material, including metadata; (2) all copies, portions, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.**   __DURATION__

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**   __DESIGNATING PROTECTED MATERIAL__

5.1   __Exercise of Restraint and Care in Designating Material for Protection__. Each Party or Non-Party designating information or items for protection under this Order must take care to limit any such designation to specific material qualifying under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, oral or written items, or communications for which protection is warranted to ensure other material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material qualifying for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page containing protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     to the extent that private or protected information contained in documents or materials can be protected from disclosure in this matter by redaction of such private and/or sensitive information, the Parties may submit documents to the Court with appropriate redaction of said sensitive, private information.  The Parties should meet and confer regarding appropriate redaction(s) before any such information or documents are filed with the Court.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(c)     a Party or Non-Party making original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page containing Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(d)     for testimony given in depositions, the Designating Party shall identify the Disclosure or Discovery Material on the record, before the close of the deposition, identifying all protected testimony.

(e)     for information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

-7-

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq.

6.3    <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    <u>ACCESS TO USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at secure location and in a secure manner that ensures access is limited to the persons authorize under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designated Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    (a)    the Receiving Party's Outside Counsel of Record in this Action, as

2    well as employees of said Outside Counsel of Record to whom it is reasonably

3    necessary to disclose the information for this Action;

4    (b)    the officers, directors, and employees (including House Counsel) of

5    the Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c)    Experts (as defined in this Order) of the Receiving Party to whom

7    disclosure is reasonably necessary for this Action and who have signed the

8    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d)    the court and its personnel;

10    (e)    court reporters and their staff;

11    (f)    professional jury or trial consultants, mock jurors, and Professional

12    Vendors to whom disclosure is reasonably necessary for this Action and who have

13    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (g)    the author or recipient of a document containing the information or a

15    custodian or other person who otherwise possessed or knew the information;

16    (h)    during their depositions, witnesses, and attorneys for witnesses, in the

17    Action to whom disclosure is reasonably necessary provided: (1) the deposing

18    party requests the witness sign the form attached as Exhibit 1 hereto; and (2) they

19    will not be permitted to keep any confidential information unless they sign the

20    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21    agreed by the Designating Party or ordered by the court. Pages of transcribed

22    deposition testimony or exhibits to depositions revealing Protected Material may

23    be separately bound by the court reporter and may not be disclosed to anyone

24    except as permitted under this Stipulated Protective Order; and

25    (i)    any mediator or settlement officer, and their supporting personnel,

26    mutually agreed upon by any of the parties engaged in settlement discussions.

27

28    / / /

-9-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court ordered issued in other litigation compelling disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures and actions pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

-10-

(b)     In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

1  of this Order, and (d) request such person or persons to execute the

2  "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

3

4  **PROTECTED MATERIAL**

5          When a Producing Party gives notice to Receiving Parties that certain

6  inadvertently produced material is subject to a claim of privilege or other

7  protection, the obligations of the Receiving Parties are those set forth in <u>Federal</u>

8  <u>Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify

9  whatever procedure may be established in an e-discovery order that provides for

10 production without prior privilege review. Pursuant to Federal Rule of Evidence

11 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

12 of a communication or information covered by the attorney-client privilege or

13 work product protection, the parties may incorporate their agreement in the

14 stipulated protective order submitted to the court.

15 **12.  MISCELLANEOUS**

16         12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

17 person to seek its modification by the Court in the future.

18         12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

19 Protective Order, no Party waives any right it otherwise would have to object to

20 disclosing or producing any information or item on any ground not addressed in

21 this Stipulated Protective Order. Similarly, no Party waives any right to object on

22 any ground to use in evidence of any of the material covered by this Protective

23 Order.

24         12.3   <u>Filing Protected Material</u>. A Party seeking to file under seal any

25 Protected Material must comply with Civil Local Rule 79-5. Protected Material

26 may only be filed under seal pursuant to a court order authorizing the sealing of the

27 specific Protected Material at issue. If a Party's request to file Protected Material

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-12-

under seal is denied by the court, then the Receiving Party may file the information

in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within

60 days of a written request by the Designating Party, each Receiving Party must

return all Protected Material to the Producing Party or destroy such material. As

used in this subdivision, "all Protected Material" includes all copies, abstracts,

excerpts, compilations summaries, and any other format reproducing or capturing

any of the Protected Material. Whether the Protected Material is returned or

destroyed, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the 60 day

deadline that:  (1) identifies (by category, where appropriate) all the Protected

Material returned or destroyed and (2) affirms the Receiving Party has not retained

any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel

are entitled to retain an archival copy of all pleadings, motion papers, trial,

deposition, hearing transcripts, legal memoranda, correspondence, deposition and

trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this

Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-13-

**14.** <u>**VIOLATION**</u>

Any violation of this Order may be punished by any and all appropriate measuring including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS HEREBY STIPULATED AND AGREED**.

Dated:  March 29, 2023            HICKS & DANFORTH, APC

By:   <u>  *s/  Min K. Kang*          </u>
R. Wardell Loveland
Min K. Kang
Attorneys for Plaintiff
TOPA INSURANCE COMPANY

Dated:  March 29, 2023            GORDON REES SCULLY MANSUKHANI, LLP

By:   <u>  *s/  David T. Hayek*          </u>
Michelle R. Bernard
David T. Hayek
Attorneys for Defendant
NATIONWIDE INSURANCE COMPANY OF AMERICA

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-14-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Topa Insurance Company v. Nationwide Mutual Insurance*

*Company*, *et al.*, United States District Court, Central District of California Case No.

2:22-cv-00767-FWS (ARGx). I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action. I hereby appoint _____

[print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____   City and state where signed: _____, _____


Printed name: _____   Signature: _____

-15-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101